UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL HALFORD,<br><br>                    Plaintiff,<br>v.<br><br>THE HARTFORD FINANCIAL SERVICES GROUP, INC., et al.<br><br>                    Defendants. | Case No. 2:15-cv-00716-JAD-PAL<br><br>ORDER<br><br>(Mot Strike – Dkt. #38) |

Before the court is Defendants' Motion to Strike Plaintiff's Expert Designation of Witness and Reports (Dkt. #38). The court has considered the motion, Plaintiff's Opposition (Dkt. #40), and Defendants' Reply (Dkt. #42).

## **BACKGROUND**

The complaint in this case was filed in state court and removed (Dkt. #1) April 17, 2015. It arises out of an automobile accident that occurred on October 11, 2013. Plaintiff alleges that the other driver fled the scene. He was insured under a personal automobile insurance policy issued by Hartford Insurance Company of the Midwest which included uninsured motorist coverage in the amount of $500,000, $100,000 in medical payments coverage, and also had a $1 million umbrella policy.

The complaint asserts claims for: (1) breach of contract for failure to tender policy limits and/or unfairly evaluate Plaintiff's claim arising from the automobile accident; (2) breach of the covenant of good faith and fair dealing by refusal to pay Plaintiff the policy limits and/or evaluate Plaintiff's claims arising from the automobile accident; (3) unfair claims practices prohibited by NRS 686A.310(1)(a) for Defendants' failure to acknowledge and act reasonably promptly upon communication with respect to claims arising out of the accident and the

Plaintiff's policy; and (4) violation of NRS 687B.385 and NAC 687B.850 for refusing to renew Plaintiff's umbrella policy due to claims made under the auto policy.

In the current motion, Defendants seek to strike Plaintiff's expert designation of witnesses and report. The discovery plan and scheduling order in this case established a November 23, 2015 deadline for disclosing experts. Plaintiff did not serve its expert disclosure until December 4, 2015. Defendants therefore ask the court to strike the disclosures as untimely. Additionally, Defendants argue the expert disclosure does not comply with expert disclosure requirements of Rule 26. Rule 26(a)(2)(A) requires the disclosure of the identity of any witness that may be used at trial to present evidence under Federal Rules of Evidence 702, 703 and 705. Specially retained or specially employed experts are required to comply with the requirements of Rule 26(a)(2)(B) through (C). Non-retained experts, including treating physicians, are required to provide the information required by Rule 26(a)(2)(C). Rule 26(a)(2)(C) requires a party to disclose the subject matter on which the witness is expected to present evidence and provide a summary of the facts and opinions to which the witnesses expect to testify.

Plaintiff's expert disclosure identified Dr. Daniel Lee as a non-retained treating physician, and provided the following information:

> Daniel D. Lee, M.D., is an orthopedic spine surgeon, and is expected to testify regarding the treatment of Plaintiff, the necessity of treatment rendered, the necessity of future treatment to be rendered, the causation of the necessity for past and future medical treatment, his expert opinion as to the past and future restrictions of activities, including work activities, caused by the accident. His opinion shall include pain and suffering of all Plaintiffs [sic], the cost of past medical care, diagnostic testing, surgery and medication; future medical care, diagnostic testing, surgery and medication, and whether those medical costs fall within the usual and customary charges in the community.

The second section of Plaintiff's expert disclosure identified eighteen additional medical providers and the following information:

> The following non-retained physicians are expected to give expert opinions regarding the treatment of Plaintiffs [sic], the necessity of the treatment rendered, the necessity of future treatment to be rendered, the causation of the necessity for past and future medical treatment, their expert opinion as to the past and future restrictions of activities, including work activities, caused by the accident. Their opinion shall include pain and suffering of the Plaintiffs [sic]; the mental state of the Plaintiff; the cost of past medical care, diagnostic testing, surgery and medication; future medical care, diagnostic testing, surgery and medication; and whether those medical costs fall within the ordinary and customary charges in the

community, for similar medical care and treatment. Their testimony may also include expert opinions as to whether Plaintiffs [sic] have diminished work life expectancy as a result of the accident.

Defendants argue this disclosure is inadequate because it does not contain any opinions, only a listing of any and every possible topic for testimony. Defendants cite the Advisory Committee Notes to the 2010 Amendments to the Rules, and decisions in this district holding that Plaintiff cannot comply with Rule 26(a)(2)(C) by disclosing medical records of the treating physicians and providing other discovery responses. Defendants argue that the summary required by Rule 26(a)(2)(C) is ordinarily understood to be an abstract, abridgement, or compendium, and that parties cannot comply with the rule by disclosing the complete records of a treating physician. The disclosure in this case does not include any of the facts on which the proposed experts will testify, or state the proposed experts' opinions. Plaintiff has not provided substantial justification for non-compliance with Rule 26, and failure to timely comply with his disclosure obligations under the court's discovery plan and scheduling order is not harmless.

Plaintiff responds that Defendants have known since 2013, that Dr. Lee is a treating physician and not a specially retained expert. Counsel for Plaintiff is embarrassed to have served the expert disclosure seven business days late, but argues the failure to timely disclose is harmless. Plaintiff's expert disclosure is nearly identical to the summary Defendants gave for its specially retained expert, Dr. Selznick. The parties discussed deposing Dr. Lee based on his level of involvement and knowledge of Plaintiff's medical condition both before and after the subject accident several times during the summer of 2015. Plaintiff's answers to interrogatories explained in detail how he came to treat with Dr. Lee prior to the October 11, 2013, accident involved in this case, and later. Plaintiff does not know more specifically what Dr. Lee will testify to with regard to whether or not the need for surgery should be apportioned, and if so, how much should be apportioned to the subject accident. Neither party chose to pay Dr. Lee for his time under oath to answer specific questions. However, Plaintiff would not object to reopening discovery so that Defendants can take Dr. Lee's deposition.

Defendants reply that Plaintiff's opposition only addresses the untimeliness of the disclosure and fails to address the fact that it was substantively defective. Plaintiff's expert

3

1  disclosure did not properly identify the subject matter on which each witness is expected to
2  present evidence, and provided no summary of the facts and opinions on which each expert is
3  expected to testify.  Even if the court were to excuse the untimely disclosure, it is still deficient
4  on its face and non-compliant with the disclosure obligations under Rule 26(a)(2)(C).  The
5  opposition only mentions Dr. Lee, and not the other treating physicians disclosed, indicating to
6  Defendants Plaintiff has no intention of calling all of these witnesses.  This type of disclosure is
7  tantamount to no disclosure at all.

8        Defendants also contend that Plaintiff's argument concerning Defendants' disclosure is
9  without merit.  Hartford retained an expert who was subject to the requirements of Rule
10  26(a)(2)(B).  The expert provided a Rule 26(a)(2)(B) compliant report with the disclosure.
11  Plaintiff's opposition did not attempt to explain how his expert disclosure complies with Rule
12  26(a)(2)(C) as the disclosure contains no facts or opinions.  Hartford's knowledge that Dr. Lee
13  treated the Plaintiff does not satisfy the requirements of Rule 26(a)(2)(C) or operate to shift
14  Plaintiff's disclosure obligations to Hartford.  Although the parties did discuss deposing Dr. Lee,
15  Hartford did not agree to take Dr. Lee's deposition or excuse Plaintiff from the expert disclosure
16  requirements.

17        The court should apply Rule 37(c)(1) and impose sanctions for Plaintiff's failure to
18  comply with the disclosure obligations under Rule 26(a).  Plaintiff has failed to establish any
19  justification for the non-compliant expert disclosure and continues to claim the disclosure
20  complies with the rule.  The lack of compliance is not harmless.  As this court has previously
21  noted, failure to comply with the scheduling order is not harmless and requiring discovery to be
22  reopened after the expiration of the deadline only encourages cavalier treatment of the deadlines.
23  The court should therefore grant the motion to strike Plaintiff's deficient expert disclosure.

## **DISCUSSION**

### I. **Legal Standards.**

#### A. **Disclosure of Expert Witnesses.**

27        Rule 26 of the Federal Rules of Civil Procedure requires parties to disclose the identity of
28  any person who may be used as an expert witness.  Fed. R. Civ. P. 26(a)(2).  Rule 26 provides

that a "party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Rule LR 26-1 provides:

> Unless the discovery plan otherwise provides and the Court so orders, the time deadlines specified in Fed. R. Civ. P. 26(a)(2)(C) for disclosure concerning experts are modified to require that the disclosures be made sixty (60) days before the discovery cut-off date and that disclosures respecting rebuttal experts be made thirty (30) days after the initial disclosure of experts.

The 2010 Amendments to the Federal Rules of Civil Procedure made significant changes to Rules 26(a)(2) and (b)(4) to address concerns about expert discovery. The 26(a)(2) amendment requires disclosure of expected testimony of those witnesses not required to provide expert reports. The disclosures are significantly less onerous than the disclosures required by Rule 26(a)(2)(B) and are limited to the subject matter of the testimony as well as the opinions to be offered by the expert witnesses and facts supporting those opinions. These disclosure obligations are "considerably less extensive" than the expert report information required by Rule 26(a)(2)(B). See Advisory Committee Notes to 2010 Amendments. Rule 26(a)(2)(C) provides:

> *Witnesses Who Do Not Provide a Written Report.*
> Unless otherwise stipulation or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> i. the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and
>
> ii. a summary of the facts and opinions to which the witness is expected to testify.

**B. Exclusion of Expert's Testimony**

A "district court has wide discretion in controlling discovery." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) (citing *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011); *see also Cont'l Lab. Products, Inc. v. Medax Int'l, Inc.*, 195 F.R.D. 675, 677 (S.D. Cal. 2000). The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which is "a recognized broadening of the sanctioning power." *Ollier*, 768 F.3d at 859 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Rule 37(c) authorizes sanctions for a party's failure to make disclosures or cooperate in discovery:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 37(a)(4) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond." Thus, Rule 37 gives "teeth" to Rule 26's mandatory disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014). Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure. *Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011).

The burden is on the party facing discovery sanctions under Rule 37(c)(1) to prove harmlessness. *Torres v. City of Los Angeles*, 548 F.3d 1197, 12123 (9th Cir. 2008) (citing *Yeti by Molly*, 259 F.3d at 1107) (applying Rule 37(c)(1) to a failure to disclose an expert report is required by Rule 26(a)(2)(B)). Exclusion of an expert's testimony for failure to comply with the requirements of Rule 26(a) is a sanction available to the district court even in the absence of showing a bad faith or willfulness. *Yeti by Molly*, 259 F.3d at 1106. The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery rules for abuse of discretion. *Yeti by Molly*, 259 F.3d at 1106 (citation omitted).

In *Goodman*, the Ninth Circuit recognized that ordinarily, a treating physician is a percipient witness of the treatment rendered a patient rather than an expert "retained or specially employed to provide expert testimony" and therefore not subject to the written report requirements of Rule 26(a)(2)(B). 644 F.3d at 824. The Ninth Circuit characterized the treating physician exception to the report requirement as a "hybrid expert situation." *Id.* at 826. In a case of first impression, the appellate court determined that when a treating physician is "transformed into an expert offering testimony on matters beyond the treatment rendered for the purposes of Rule 26 disclosures" a report is required. *Id.* at 825-26. The *Goodman* court concluded that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment. *Id.* at 826. Thus, the Ninth

1 Circuit upheld the district court exclusion of treating physician testimony that relied on
2 information supplied by counsel that had not been reviewed during the course of treatment.

### C. Untimely Disclosure

The district court also has discretion to exclude expert witnesses who have not been timely disclosed in compliance with the court's scheduling order. *Wong v. Regents of the University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). As the Ninth Circuit recognized, courts enter scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Id*. Therefore, when a party fails to identify expert witnesses, and provide the disclosures required by Rule 26(a)(2) in accordance with the court's scheduling order, it causes a "[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Id. See also Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998) (affirming exclusion of expert testimony when the expert was disclosed twenty days late and the expert reports were six weeks late).

### II. Analysis and Decision.

Having reviewed and considered the moving and responsive papers, the court will grant the motion to strike. Plaintiff's expert disclosure fails to comply with Plaintiff's obligation under Rule 26(a)(2)(C). At most, Plaintiff's disclosure identified the subject matter areas on which the treating physicians were expected to testify. The fact that Plaintiff disclosed his treatment with Dr. Lee and the other providers is not a substitute for compliance with the rule which requires a summary of the facts and opinions on which the witnesses will testify. The fact that Plaintiff does not know what Dr. Lee will testify about underscores Plaintiff's failure to comply with his Rule 26(a)(2)(C) obligations, and that the failure to comply is neither substantially justified or harmless. Plaintiff's arguments that neither side bothered to pay Dr. Lee to find out what opinions he holds also illustrated defendants' point that Plaintiff's failure to disclose is an improper attempt to shift the cost of complying with Rule 26(a) to Plaintiff, which he may not do.

/ / /

7

Dr. Lee and Plaintiff's other treating physicians may testify as percipient or fact witnesses concerning opinions formed during the course of treatment. They may not, however, render expert testimony beyond the scope of the treatment rendered. Specifically, the witnesses may not testify about the causation of the necessity for past and future medical treatment, opinions regarding past and future restriction of activities, including work activities caused by the accident, pain and suffering of the Plaintiff allegedly caused by the accident, the cost of future medical care, the cost past and future of diagnostic testing, surgery and medication, and whether those medical costs fall within the usual and customary charges in the community. The witnesses may testify about the cost of past services the treating physicians themselves provided. They may not provide testimony regarding the reasonableness of the cost of past medical care, diagnostic testing, surgery and medication provided by other treating physicians, or future medical care, diagnostic testing, surgery and medications recommended by other treating physicians, and whether those medical costs fall within the usual and customary charges within the community. They are also precluded from offering opinions about Plaintiff's diminished work life expectancy allegedly cause by the accident

For the reasons stated,

**IT IS ORDERED** that Defendants' Motion to Strike (Dkt. #38) is **GRANTED**. Plaintiff's treating physicians may testify as percipient witnesses, but not as experts providing opinions which were required to be disclosed under Rule 26(a)(2)(B) or (C).

DATED this 20th day of May, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE